Argued February 19, affirmed as modified March 10, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
SAUTER, *Respondent, and* SAUTER (No. D-5389),
*Appellant.*

532 P2d 804

*George H. Layman,* Newberg, argued the cause and filed the brief for appellant.

No appearance by respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

## LANGTRY, J.

Husband appeals from a circuit court marriage dissolution decree. The only issue is whether the circuit court correctly divided interests in the real property where the parties lived. At the time of this marriage husband owned it as tenants in common with his former wife. He has possession until the younger of his two daughters, of whom he has custody, reaches age 21 or the property is no longer used as their home. Then, under the former decree, the property shall be partitioned or sold, and each of the tenants in common shall receive equal shares.

The parties to this suit lived together in marriage for five years, all of the time on the subject property. They both worked and contributed to the family maintenance. He had his two daughters and she a son by a former marriage all in the home. Their personal property was satisfactorily divided in the decree.

The real property increased in value from $10,000 to $21,000 during the five years, all through inflation except for a remodeling improvement made by purchase of material and use of husband's labor, in value somewhere around perhaps $4,000. The trial judge found that wife's earnings were about 80 percent as much as husband's, and because of this sought in the decree to give her that proportion of the increased value of the realty, that is, four-tenths to her and six-tenths to him. Their total earnings apparently went for their total expenses, so there is nothing wrong with the equation, except the starting figures that the court used. The trial judge applied the equation to the total of $11,000 increased value, thus giving wife a $4,400 judgment and lien against the property. The problem with this is that husband's former wife al-

ready had $5,500 of that $11,000 increased value. The second wife married him when the property was subject to that condition. When the $4,400 the trial judge gave the second wife is taken from the remaining $5,500, $1,100 is left for husband under the court's decree. It was husband who originally had the property and did all the improvement work on it. This is unjust. The equation should be applied to $5,500, not $11,000. When this is done, husband gets $3,300 and wife $2,200.

The decree is modified to give wife a $2,200 judgment secured by a lien against the realty, which must still remain subject to the restrictions of husband's former divorce decree.

Affirmed as modified.